

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50315 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Kato vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies all claims in defendant's section 2255 motion, denies defendant's motion for leave to file a reply or response, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | NOV 14 2003 date docketed | 8 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 11-6-03 date mailed notice | |
| LC | courtroom deputy's initials | 2003 NOV -6 PM 3:44 Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Timothy Kato, filed a motion pursuant to 28 U.S.C. § 2255. He previously pleaded guilty, pursuant to a written plea agreement, to one count of threatening to use anthrax in violation of 18 U.S.C. § 2332a(a)(2). He was sentenced to 35 months imprisonment and ordered to pay $25,881 in restitution. In his plea agreement, defendant knowingly waived his "right to challenge his sentence or the manner in which it was determined" in any collateral attack, including a motion under section 2255.

In his section 2255 motion defendant raises the following contentions: (1) this court lacked jurisdiction because section 2332a(a)(2) is beyond the scope of Congressional power; (2) this court lacked jurisdiction because the elements of section 2332a(a)(2) were not met; (3) that his counsel was ineffective for failing to advise him that his alleged conduct did not constitute an offense, that section 2332a(a)(2) is unconstitutional, that the possible future impact of his conduct on interstate commerce did not satisfy the Commerce Clause, and that the prosecution violated his right to free speech; (4) that his counsel was ineffective for tricking him into admitting certain facts in the plea agreement; (5) that his counsel was ineffective for failing to challenge the amount of the restitution; and (6) that his counsel was ineffective by scaring him into pleading guilty by describing how a jury would react to his crime. The government has filed a response to the section 2255 motion. This court ordered no reply need be filed. Defendant, however, filed a motion for leave to file a reply or a response to the government's request to dismiss the claim pertaining to restitution. The court denies defendant's motion for leave to file a reply and the motion to file a response because the court has denied rather than dismissed the claim related to restitution.

The court denies defendant's claims based on lack of jurisdiction as neither the lack of Congressional power nor the lack of an offense element are jurisdictional. See Hugi v. United States, 164 F. 3d 378, 380-81 (7th Cir. 1999); United States v. Martin, 147 F. 3d 529, 531-33 (7th Cir. 1997). Further, defendant's plea of guilty under this court's jurisdiction precludes any challenge based on the failure of the government to prove "so-called jurisdictional facts." Martin, 147 F. 3d at 532.

All remaining issues raised by defendant, except the one concerning restitution, are based on the ineffective assistance of counsel as it relates to his plea of guilty. An ineffective assistance of counsel claim is analyzed pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Berkey v. United States, 318 F. 3d 768, 772 (7th Cir. 2003). The Strickland analysis applies to counsel's conduct during the pleading stage. Berkey, 318 F. 3d at 772. To mount a successful claim that counsel was ineffective at the pleading phase, a defendant must first show that his attorney performed deficiently and then prove that but for his counsel's errors he would not have pleaded guilty and would have insisted on going to trial. Berkey, 318 F. 3d at 772. The first prong of Strickland need not be considered if the court finds that counsel's alleged deficiencies did not prejudice the defendant. Berkey, 318 F. 3d at 772. In that regard, a defendant must establish through objective evidence, not his own subjective assertion, that a reasonable probability exists that he would have gone to trial if it was not for counsel's alleged errors. Berkey, 318 F. 3d at 772-73.

Here, defendant has not identified any objective evidence suggesting that he would have gone to trial rather than pleaded guilty. Further, none of the alleged deficiencies in his counsel's representation are such that they would support a reasonable probability that defendant would have gone to trial as opposed to pleading guilty. There is nothing about the 35 month sentence or the dismissal of Count II that would suggest otherwise. Thus, none of these ineffective assistance of counsel claims provide any basis for relief to defendant.

Further, as for defendant's contentions that his counsel was ineffective for tricking him into admitting certain facts and scaring him into pleading guilty, there is no indication that defendant's guilty plea was in any way involuntary. Additionally, the Rule 11 colloquy contradicts defendant's assertion that he pleaded guilty due to his counsel's ineffectiveness. See United States v. Standiford, 148 F. 3d 864, 869 (7th Cir. 1998). When asked if he was satisfied with counsel's advice and efforts, defendant here answered yes. See Standiford, 148 F. 3d at 869. Thus, the court discredits defendant's self-serving assertion that his counsel was constitutionally substandard.

The last claim is based on counsel's alleged ineffectiveness for failing to object to the basis for, and amount of, restitution ordered. Defendant expressly agreed to waive any challenge to "his sentence or the manner in which it was determined" in any collateral attack, including one under section 2255.

A waiver in a plea agreement to seek relief pursuant to section 2255 is valid and enforceable absent a claim that counsel was ineffective in connection with negotiating the waiver itself. Mason v. United States, 211 F. 3d 1065, 1069 (7th Cir. 2000). Such waivers are enforced, however, only to the extent of the agreement. United States v. Behrman, 235 F. 3d 1049, 1052 (7th Cir. 2000).

Here, defendant agreed in writing to waive any challenge to his sentence via section 2255. Thus, the waiver is broad enough to include any challenge to the restitution. See Behrman, 235 F. 3d at 1052. Because defendant does not allege that this particular waiver was made involuntarily, unknowingly, or as a result of ineffective assistance of counsel, the waiver is enforceable and the claim is barred.

For the foregoing reasons, the court denies all claims in defendant's section 2255 motion and dismisses this cause in its entirety.